Debtor: Terry Michael Beshearse
Wanda Louella Beshearse

United States Bankruptcy Court for the: MIDDLE DISTRICT OF TENNESSEE
[Bankruptcy district]

☐ Check if this is an amended plan

Case number: _____

# Chapter 13 Plan

## Part 1: Notices

**To Debtor(s):** This form sets out options that are appropriate in some cases but not in others. The presence of an option does not indicate that the option is appropriate in your circumstances.

**To Creditors:** Your rights are affected by this plan. Your claim may be reduced, modified, or eliminated.

If you oppose the treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 5 days before the meeting of creditors or raise an objection on the record at the meeting of creditors. The Bankruptcy Court may confirm this plan without further notice if no timely objection to confirmation is made. In addition, a timely proof of claim must be filed before your claim will be paid under the plan.

**Debtor(s) must check one box on each line to state whether the plan includes each of the following items. If an item is not checked as "Included" or if both boxes are checked, the provision will not be effective if set out later in the plan.**

| 1.1 | A limit on the amount of a secured claim, set out in § 3.2, which may result in partial payment or no payment to the secured creditor. | ☑ Included | ☐ Not Included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 9. | ☑ Included | ☐ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1 Debtor(s) will make payments to the trustee as follows:**

| Payments made by | Amount of each payment | Frequency of payments | Duration of payments | Method of payment |
|---|---|---|---|---|
| ☑ Debtor 1 | $280.00 | Weekly | 60 months | ☐ Debtor will make payment directly to trustee |
| ☑ Debtor 2 | $280.00 | Weekly | 60 months | ☑ Debtor consents to payroll deduction from: SHIROKI |

Insert additional lines as needed.

**2.2 Income tax refunds.**
*Check one.*

☑ Debtor(s) will retain any income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☐ Debtor(s) will treat income refunds as follows: _____

**2.3 Additional payments.**
*Check one.*

☑ **None.** If "None" is checked, the rest of § 2.3 need not be completed or reproduced.

**2.4 The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.3 is $145,200.00.**

## Part 3: Treatment of Secured Claims

**3.1 Maintenance of payments and cure of default.** Check one.

☐ **None.** If "None" is checked, the rest of § 3.1 need not be completed or reproduced.

| | | | | | |
|---|---|---|---|---|---|
| Debtor | Terry Michael Beshearse<br>Wanda Louella Beshearse | | Case number | | |

☑ Installment payments on the secured claims listed below will be maintained, and any arrearage through the month of confirmation will be paid in full as stated below. Both the installment payments and the amounts to cure the arrearage will be disbursed by the trustee.

Amounts stated on a proof of claim filed in accordance with the Bankruptcy Rules control over any contrary amounts listed below as to the current installment payment and arrearage. After confirmation of the plan, the trustee shall adjust the installment payments below in accordance with any such proof of claim and any Notice of Mortgage Payment Change filed under Rule 3002.1. The trustee shall adjust the plan payment in Part 2 in accordance with any adjustment to an installment payment and shall file a notice of the adjustment and deliver a copy to the debtor, the debtor's attorney, the creditor, and the U.S. Trustee, but if an adjustment is less than $25 per month, the trustee shall have the discretion to adjust only the installment payment without adjusting the payments under Part 2. The trustee is further authorized to pay any postpetition fee, expense, or charge, notice of which is filed under Bankruptcy Rule 3002.1 and as to which no objection is raised, at the same disbursement level as the arrearage.

Confirmation of this Plan imposes on any claim holder listed below the obligation to:

- Apply arrearage payments received from the trustee only to such arrearages.
- Treat the obligation as current at confirmation such that future payments, if made pursuant to the plan, shall not be subject to late fees, penalties, or other charges.

If relief from the automatic stay is ordered as to any collateral listed below, all payments under this section to creditors secured by that collateral will cease.

| Name of Creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage, if any | Interest rate on arrearage (if applicable) | Monthly payment on arrearage, if any |
|---|---|---|---|---|---|
| Citizen Bank | 1717 Underhill Road Smithville, TN 37166 DeKalb County home & 7.5 acres | $570.00 | Prepetition: $1,140.00<br>Gap payments: 600<br>Last month in gap: march 2018 | 0.00% | pro rata |

*Insert additional claims as needed.*

**3.2 Request for valuation of security and claim modification.** *Check one.*

☐ **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.
**The remainder of this paragraph will be effective only if the applicable box in§ 1. is checked.**

☑ For each claim listed below, the debtor(s) request that the court determine the value of the creditor's interest in any property securing the claim based on the amount stated in the column headed Value securing claim. If this amount exceeds any allowed claim amount, the claim will be paid in full with interest at the rate stated below. If the amount is less than the allowed claim mount, the claim will be paid the full value securing the claim, with interest at the rate stated below.

The portion of any allowed claim that exceeds the value securing the claim will be treated as an unsecured claim under § 5.1. If the value securing a creditor's claim is listed below as zero or no value, the creditor's allowed claim will be treated entirely as an unsecured claim under § 5.1. The avoidance of any lien because it is not secured by any value must be addressed in Part 9. The mount of a creditor's total claim stated on a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary mount stated below.

The holder of any claim listed below as secured by any value will retain the lien until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

If relief from the automatic stay is ordered as to any collateral listed below, all payments under this section to creditors secured by that collateral will cease.

| Debtor | Terry Michael Beshearse<br>Wanda Louella Beshearse | | | Case number | | | |
|---|---|---|---|---|---|---|---|

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Value securing claim | Interest rate | Monthly payment |
|---|---|---|---|---|---|---|---|
| First Bank | $6,000.00 | loan against father's certificate of deposit | $0.00 | $0.00 | $6,000.00 | 4.50% | $180 |
| Freedom Road Financial | $6,000.00 | 2015 Artic Cat | $7,000.00 | $0.00 | $6,000.00 | 4.50% | $115 |
| SST | $15,000.00 | 1998 Stratus 2017 motor on boat | $16,000.00 | $0.00 | $15,000.00 | 4.50% | $280 |

Insert additional claims as needed.

**3.3 Secured claims excluded from 11 U.S.C. § 506.** *Check one.*

 ☐  **None**. If "None" is checked, the rest of § 3.3 need not be completed or reproduced.
 ☑  The claims listed below were either:

  (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or
  (2) incurred within 1 year before the petition date and secured by a purchase money security interest in any other thing of value.

  These claims will be paid in full through the trustee as stated below. The claim amount stated on a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below.

  If relief from the automatic stay is ordered as to any collateral listed below, all payments under this section to creditors secured by that collateral will cease.

| Name of Creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment |
|---|---|---|---|---|
| Ascend FCU | 2016 Toyota Rav4 30,000 miles | $27,000.00 | 4.50% | $505 |
| Independent Bank | 2010 Chevy Silverado 120,000 miles | $22,000.00 | 4.50% | $415 |
| Sheffield Financial | lawnmower | $5,000.00 | 4.50% | $95 |

*Insert additional claims as needed.*

**3.4 Lien avoidance**. *Check one.*
 ☑  **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.

**3.5 Surrender of collateral.** *Check one.*
 ☐  **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.
 ☑  The debtor(s) surrender to each creditor below the listed collateral. Upon confirmation of this plan the stay under 11 U.S.C. § 362(a) will be terminated as to the collateral only and the stay under § 1301 will be terminated in all respects. Any allowed unsecured claim resulting from disposition of surrendered collateral will be treated as an unsecured claim under § 5.1.

| Name of Creditor | Collateral | Anticipated Deficiency |
|---|---|---|
| unknown | 686 Capshaw Road Smithville, TN 37166  DeKalb County | $0.00 |

*Insert additional claims as needed.*

| Part 4: | **Treatment of Priority Claims (including Attorney's Fees and Domestic Support Obligations)** |
|---|---|

**4.1 Attorney's fees.**

APPENDIX D    Chapter 13 Plan    Page 3

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

Case 2:18-bk-00723   Doc 2   Filed 02/05/18   Entered 02/05/18 16:36:34   Desc Main
Document   Page 3 of 6

| Debtor | Terry Michael Beshearse<br>Wanda Louella Beshearse | Case number | |
|---|---|---|---|

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $3,270.00. The remaining fees and any additional fees that may be awarded shall be paid through the trustee as specified below. Check one.

☐ The attorney for the debtor(s) shall receive a monthly payment of $.

☑ The attorney for the debtor(s) shall receive available funds.

**4.2 Domestic support obligations.**

    **(a) Pre- and postpetition domestic support obligations to be paid in full.** *Check one.*
    ☑ **None.** If "None" is checked, the rest of § 4.2(a) need not be completed or reproduced.

    **(b) Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.** *Check one.*
    ☑ **None.** If "None" is checked, the rest of § 4.2(b) need not be completed or reproduced.

**4.3 Other priority claims.** *Check one.*
    ☑ **None.** If "None" is checked, the rest of § 4.3 need not be completed or reproduced.

**Part 5: Treatment of Nonpriority Unsecured Claims and Postpetition Claims**

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. Check all that apply.
☐ The sum of $
☑    20   % of the total amount of these claims.
☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

**5.2 Interest on allowed nonpriority unsecured claims not separately classified.** *Check one.*

    ☑ **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3 Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

    ☑ **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

**5.4 Separately classified nonpriority unsecured claims.** *Check one.*

    ☑ **None.** If "None" is checked, the rest of § 5.4 need not be completed or reproduced.

**5.5 Postpetition claims allowed under 11 U.S.C. § 1305.**

Claims allowed under 11 U.S.C. § 1305 will be paid in full through the trustee.

**Part 6: Executory Contracts and Unexpired Leases**

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

    ☑ **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

**Part 7: Order of Distribution of Available Funds by Trustee**

**7.1 The trustee will make monthly disbursements of available funds in the order specified. Check one.**
☐ **Regular order of distribution:**

| Debtor | Terry Michael Beshearse | Case number | |
|---|---|---|---|
| | Wanda Louella Beshearse | | |

☑ **Alternative order of distribution:**

1. filing fee  2. notice fee  3. secured claims with fixed payments  4. attorney fees  5. secured claims without fixed payments  6. priority unsecured claims  6. general unsecured claims  7. 1305 claims

*Insert additional lines as needed.*

| Part 8: | **Vesting of Property of the Estate** |
|---|---|

**8.1 Property of the estate will vest in the debtor(s) upon discharge or closing of the case, whichever occurs earlier, unless an alternative vesting date is selected below. Check the applicable box to select an alternative vesting date:**

*Check the appliable box:*
☐ plan confirmation.
☐ other: _____

| Part 9: | **Nonstandard Plan Provisions** |
|---|---|

☐ **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

**9.01 Adequate Protection Payments.** Prior to confirmation the Trustee shall pay on account of allowed secured claims adequate protection payments as required by S 1326(a)(1)(C) commencing the month after the petition is filed providing that a proof of claim has been filed. Adequate protection payments shall be disbursed by the Trustee in the customary disbursement cycle beginning the month after the petition is filed.

**9.02** Post petition 1305 claims shall be allowed and paid in full but subordinated to pre-petition general unsecured creditors.

**9.03 Provisions Relating to Claims Secured by Real Property Treated Pursuant to S 1322(b) (5) and Bankruptcy Rule 3002.1.**

**(a)** Confirmation of this Plan imposes upon any claimholder holding as collateral, the residence of the Debtor(s), the obligation to: (i) Apply the payments received from the Trustee on pre-confirmation arrearages only to such arrearages.  For purposes of this plan, the "pre-confirmation" arrears shall include all sums designated as pre-petition arrears in the allowed Proof of Claim plus any post-petition pre-confirmation payments due under the underlying mortgage debt not specified in the allowed Proof of Claim.  (ii)  Deem the mortgage obligation as current at confirmation such that future payments, if made pursuant to the plan, shall not be subject to late fees, penalties, or other charges.  (iii) Not less than 60 days prior to effective date of any change in monthly mortgage payments notify the Trustee, debtor, and debtor(s) attorney in writing of any changes in interest rate and any change in property taxes or property insurance premiums that would increase or reduce the or escrow portion, if any, of the monthly mortgage payment and the effective date of change.  (iv) Notify the Trustee, debtor, and debtor(s) attorney in writing of any protective advances or other charges incurred by the claim holder, pursuant to the mortgage agreement within 60 days of incurring such charge.
**(b)  (i)** Monthly ongoing mortgage payments shall be paid by the Trustee commencing with the later of the month confirmation or the month in which proof of claim itemizing arrears is filed by the claim holder.  (ii) The Trustee shall be permitted to modify the plan by notice as necessary to pay amended ongoing mortgage payments resulting from proper notice of mortgage payment changes due to escrow, interest or post-petition charges effecting the ongoing mortgage payment.

| Part 10: | **Signatures:** |
|---|---|

X  /s/ Harry G. Lasser, IV              Date  February 5, 2018
   Harry G. Lasser, IV
**Signature of Attorney for Debtor(s)**

X  _____             Date  _____

X  _____             Date  _____

**Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)**

| Debtor | Terry Michael Beshearse | Case number | |
|---|---|---|---|
| | Wanda Louella Beshearse | | |

**By filing this document, the Attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in the form required under the Local Rules for the Bankruptcy Court for the Middle District of Tennessee, other than any nonstandard provisions included in Part 9.**